*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DWAYNE TWIDDY and COREY BUFORD,

Plaintiffs-Appellants,

v

FALLS LAKE NATIONAL INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
December 16, 2024
2:30 PM

No. 368779
Washtenaw Circuit Court
LC No. 22-001419-NI

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

This case has its origins in a 2020 automobile accident in which plaintiffs were passengers in a motor vehicle owned and being driven by Makita Harris ("insured driver") and insured by defendant under a no-fault insurance policy. A dispute over the payment of personal protection insurance (PIP) benefits arose as defendant determined that the insured driver made a material misrepresentation in her application for the insurance policy and defendant rescinded the policy and denied benefits. That action was ultimately resolved with the trial court determining that defendant was entitled to rescind the policy.

Thereafter, plaintiffs filed the instant action seeking uninsured motorist benefits under that same policy. The trial court in this action determined defendant was again entitled to summary disposition under MCR 2.116(C)(7) (prior judgment) based upon the determination in the prior action that defendant was entitled to rescind the insurance policy. The trial court concluded that the prior determination precluded plaintiffs from pursuing their uninsured motorist claims in this case. Plaintiffs now appeal and we affirm.

## ANALYSIS

We turn first to the question whether the trial court correctly determined that the prior determination must be applied in this case under the doctrines of res judicata and collateral estoppel. In reviewing a grant of summary disposition under MCR 2.116(C)(7), this court's review is de novo. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

-1-

# I. RES JUDICATA

As stated in *Adam v Bell*, 311 Mich App 528, 532; 879 NW2d 879 (2015):

> The doctrine of res judicata bars a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v [Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004)]. In addition, the prior action must also have resulted in a final decision.

Plaintiffs focus on the third element, pointing to the following discussion in *Adam*, 311 Mich App at 532-533:

> Michigan's broad interpretation of the third element of the res judicata doctrine has been referred to as a "same transaction test," as distinguished from a "same evidence test." *Adair*, 470 Mich at 123–125. Under the same-evidence test, the issue is whether the same evidence is required to prove the claimed theory of relief. *Id*. Under the same-transaction test, the question is more pragmatic, with claims viewed in factual terms regardless of the number of variant legal theories that might support relief. *Id*. The fact that differing claims may require different evidence might be relevant to deciding if the claims arise from the same transaction, but it is not dispositive. *Id*. at 124–125. Rather, quoting 46 Am. Jur. 2d, Judgments, § 533, p. 801, and adding emphasis, our Supreme Court has stated, " 'Whether a factual grouping constitutes a "transaction" for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit....' " *Adair*, 470 Mich at 125 (alteration in original). Using this pragmatic approach, we conclude that although plaintiff's PIP action and her tort and contract action both arose from the same automobile accident, the actions also have significant differences in the motivation and in the timing of asserting the claims, and they would not have formed a convenient trial unit. Further, applying res judicata to the facts of this case would not promote fairness and would be inconsistent with the Legislature's intent expressed through the no-fault act. The no-fault act provides for the swift payment of no-fault PIP benefits. On the other hand, it severely restricts the right to bring third-party tort claims that would form the basis for a UM contract claim.

This is not applicable in this case. In *Adam*, the plaintiff filed an action for PIP benefits. After that case was resolved, the plaintiff then brought another action for benefits under the uninsured motorist benefits of the policy. *Adam*, 311 Mich App at 530-531. The trial court dismissed the second action based upon res judicata. This Court reversed, holding the PIP claims and the tort claim were separate. But in this case, both cases are being resolved on the same issue: rescission based upon misrepresentation.

Moreover, plaintiffs specifically included a count in the original action with respect to uninsured motorist benefits. Count IV in plaintiffs' First Amended Complaint in the prior action, titled "DECLARATORY RELIEF AS TO ALL PLAINTIFFS," included the following: "41. The

Court must determine the following: . . . e. the available uninsured and/or underinsured motorist coverages applicable to the claim . . . ." Accordingly, the prior action did involve a claim for uninsured motorist coverage.

Indeed, the trial court's grant of summary disposition centered on the fact that the complaint in the prior action did include a count for declaratory relief, which included a determination of any uninsured motorist benefits:

> THE COURT: I agree with most of what the, uh, plaintiff has said and that the positions—most of the positions taken by the plaintiff in response to the motion for summary disposition, uh, but the earlier case did include a count six, seeking declaratory relief and a, uh, determination of the available uninsured and/or underinsured motorist coverages applicable to this claim.
>
> That case was dismissed with prej—prejudice based on a finding, uh, that, uh—that fraud permitted the insurer to rescind the policy. If in fact the plaintiff had not already plead a claim for underinsured or uninsured motorist coverage in the earlier case, then the plaintiff's arguments would, to me, carry the day.
>
> But since that case has already been dismissed with prejudice, I, uh—I feel constrained to grant summary disposition to the defendant, uh, because it's already been determined that—uh, that fraud would preclude bringing that claim. So I'm granting summary disposition to defendant.

Therefore, the trial court correctly concluded that "the matter in the second case was, or could have been, resolved in the first," *Adair*, 470 Mich at 121, and properly granted summary disposition based upon res judicata.

## II. COLLATERAL ESTOPPEL

As for collateral estoppel, plaintiffs largely repeat their argument with respect to res judicata, again relying on *Adams* and again arguing that PIP and uninsured motorist benefits are different claims. But once again that argument must fail for the same reason that it fails with respect to res judicata.

At best, plaintiffs touch on a potentially valid reason to reverse the trial court, namely whether the issue was actually litigated in the prior action. The elements of collateral estoppel are:

> (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment," (2) the parties or privies " 'must have had a full [and fair] opportunity to litigate the issue,' " and (3) " 'there must be mutuality of estoppel.' " *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (alteration in original), quoting *Storey v Meijer, Inc*, 431 Mich 368, 373 n 3; 429 NW2d 169 (1988). "[O]ne of the critical factors in applying . . . collateral estoppel involves the determination of whether the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered." [*Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 42; 191 NW2d 313 (1971).]

Plaintiffs argue that the issue was not actually litigated in the prior action as defendant's motion for summary disposition only related to the insured driver's claim for PIP benefits.

In the prior action, defendant had filed a motion for summary disposition seeking rescission of the policy due to the misrepresentation. The motion itself was one sentence long and asked for summary disposition for the reasons stated in the supporting brief. While the brief does focus on the insured driver, it is inaccurate to state that it only related to the driver's claim for PIP benefits. In defendant's Introduction, after setting forth the fact that defendant had rescinded the policy and refunded the premium, it states, "Consequently, there is no coverage *for any claims* under the Falls Lake policy and summary disposition for Falls Lake is appropriate." (Emphasis added.) The brief then sets forth the factual basis for the rescission and the legal analysis for rescission. That analysis does include an argument why the insured driver is not entitled to an analysis under the balancing of the equities, but no mention is made with respect to our plaintiffs. The trial court granted Falls Lake's motion for summary disposition.

While plaintiff's argument is not frivolous, neither is it persuasive. It would take a very careful parsing of the motions and orders in the prior action to conclude that the grant of summary disposition in favor of Falls Lake did not include plaintiffs based upon the rescission of the policy. But that leads to either the conclusion that (1) summary disposition was never fully granted to plaintiffs with respect to Falls Lake, in which case the prior action is still open and that is where plaintiffs must seek their relief, or (2) that the trial court inadequately addressed all of the issues regarding summary disposition in the prior action, in which case plaintiffs should have appealed in that case.

Indeed, plaintiffs' focus in their brief is not whether they had the opportunity to argue against rescission but that the trial court failed to analyze their status as innocent third parties. Indeed, plaintiffs' substantive argument on appeal, addressed in the next issue, focuses not on whether there was a misrepresentation, but whether the innocent-third-party doctrine applies to uninsured motorist benefits and therefore they are entitled to a balancing of the equities.

In sum, the trial court did not err in granting summary disposition based on either res judicata or collateral estoppel.

### III. INNOCENT-THIRD-PARTY DOCTRINE

We next turn to plaintiffs' argument that the issue was not fully addressed in the prior action because the trial court did not analyze and apply the innocent-third-party doctrine and engage in a balancing of the equities.[1] To begin, it is important to note what plaintiffs do not argue.

---

[1] We acknowledge that this is an argument that should have been raised in an appeal from the grant of summary disposition in the prior action. But this issue does bear some relevance to plaintiffs' argument that collateral estoppel is not proper in this case because the issue was not fully litigated in the prior action. Accordingly, with that in mind, we choose to address the issue here.

They do not argue that the insured did not make a misrepresentation in her insurance application.[2] Rather, they argue that they are innocent third parties and, as such, the equitable remedy of rescission does not automatically apply to them and the trial court needed to apply a balancing of the equities to determine if defendant can rescind the policy as to plaintiffs' uninsured motorist claims. See *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), and *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396; 952 NW2d 586 (2020). But plaintiffs' argument must fail because there is binding precedent from this Court holding that there is no balancing of the equities as to optional coverage under the no-fault act, and specifically not with respect to uninsured motorist coverage.

The question whether to apply the balancing of the equities test with respect to uninsured motorist coverage was definitively answered by this Court in *Howard v LM General Ins Co*, 345 Mich App 166; 5 NW3d 46 (2023). In *Howard*, the plaintiff sought recovery of both PIP benefits and underinsured motorist benefits. *Id.* at 168-169. She was injured while driving her 2008 Mercury Mariner, which was covered under a policy that listed both the plaintiff and another person, Jasmine Bartell, as named insureds. A few weeks before the accident Bartell contacted LM and added a 2008 GMC Yukon to the policy, representing that the Yukon was owned by Bartell and was garaged at Bartell's home. In fact, the Yukon was owned by Bartell's relative and was garaged at the relative's home in Detroit. The defendant discovered the misrepresentation, rescinded policy effective on the day the Yukon was added to the policy, and denied the plaintiff's claim for PIP and uninsured motorist benefits. *Id.* at 169-170.

With respect to the plaintiff's claim for PIP benefits, this Court applied the balancing of the equities test because the plaintiff was not a fraudulent insured. It determined that the factors weighed in the plaintiff's favor and concluded that rescission was not warranted. *Id.* at 177-178. But the Court concluded that the analysis is different with respect to uninsured motorist coverage:

> Unlike PIP coverage, UIM coverage is optional and so an insurer may rescind UIM coverage on the basis of a violation of an antifraud policy provision. LM's antifraud provision provides:
>
> > Any changes we make at your request to this policy after inception will be made in reliance upon information you provide. We may void this policy if you or an "insured" have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made, at the time changes were requested, or any time during the policy period.
>
> The policy language, by its terms, permits "void[ing]" of the policy if any insured makes a material misrepresentation. Accordingly, we conclude that as to UIM

---

[2] In their brief in the trial court in this case, plaintiffs suggested that the omission was actually on behalf "of the insurance agent who sold the policy" but acknowledged that the trial court in the prior case nevertheless found that to be a material misrepresentation.

coverage, Bartell's misrepresentations regarding the Yukon, if material, would allow for rescission. [*Id*. at 178.]

In other words, with optional coverage, the balancing of the equities test does not apply and if an insured made a misrepresentation, the insurer is entitled to rescind the policy provided that the misrepresentation was material. If the misrepresentation was not material to the coverage in question and would not have resulted in the policy not being issued, then rescission is not available. *Id.* at 179. In *Howard*, the Court determined that the misrepresentation was only material to coverage on the Yukon, but not the Mariner. That is, that it would affect the decision to insure the Mariner. Accordingly, the Court determined that the defendant was not entitled to rescind the policy with respect to uninsured motorist coverage where the accident involved the Mariner and not the Yukon. *Id*. at 179-180.

In the case at bar, the misrepresentation did involve the insured's vehicle, which was the vehicle involved in the accident. And plaintiffs make no argument that they could establish that no misrepresentation occurred.[3] Accordingly, defendant was entitled to rescind the policy with respect to the uninsured motorist coverage under which plaintiffs seek benefits. And that question was resolved in the prior action, which supports the application of the doctrine of collateral estoppel.

Affirmed. Defendant may tax costs.

/s/ Adrienne N. Young
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney

---

[3] Such an effort would undoubtedly be futile given that the insured admitted to the misrepresentation in her deposition in the prior case.