*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ASHEN,

        Plaintiff-Appellant,

v

JEFFREY R. HOLMSTROM, ANDREW BARNES, JUDGE DAVID DISTEFANO, and BRUCE LINKER,

        Defendants-Appellees.

UNPUBLISHED
February 21, 2025
11:02 AM

No. 369042
Van Buren Circuit Court
LC No. 2023-072876-CZ

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

Plaintiff, David Ashen, asks us to reverse the trial court's order of dismissal and its grant of summary disposition to defendants Jeffrey R. Holmstrom, Andrew Barnes, Judge David DiStefano, and Bruce Linker. We hold that Ashen has not shown any error by the trial court and, therefore, we affirm.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). As the appellant, Ashen was required to identify the issues in his brief in his statement of questions presented. MCR 7.212(C)(5). Further, he had the burden to demonstrate that the trial court erred. *Redmond v Heller*, 332 Mich App 415, 435 n 9; 957 NW2d 357 (2020). This Court will not overturn a trial court's decision if an appellant fails to persuade the Court that a mistake was made. *Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990). An appellant abandons a claim of error by failing to address the basis for the trial court's decision. *Redmond*, 332 Mich App at 449.

Notwithstanding these general principles, we usually view briefs filed by parties proceeding *in propria persona* more leniently than we would for a party proceeding with the assistance of a lawyer. *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). However, self-represented parties must nonetheless abide by the court rules. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Moreover, an appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. See *Wilson v Taylor*,

457 Mich 232, 243; 577 NW2d 100 (1998); *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Reading Ashen's brief with lenience, he appears to challenge the trial court's grant of summary disposition to defendants. However, nowhere in his appeal brief has Ashen addressed the basis for the trial court's grant of summary disposition; he points to no error the trial court made in its decision, he cites no legal authority to support his claims, and he fails to cite to any part of the lower court record in this case. Indeed, with regard to Holmstrom, Judge DiStefano, and Barnes, Ashen's failure to discuss the basis of the trial court's ruling, much less any alleged error by the trial court, makes it impossible to discern the basis or rationale for his appeal. Because of these numerous failures, Ashen's claims on appeal as to these defendants are abandoned. *Woods*, 277 Mich App at 626-627.

With regard to the trial court's dismissal of Linker, Ashen contends that the trial court erred by dismissing him from the case because Linker did not file an answer in the trial court and, according to Ashen, the trial court dismissed Linker from the case through an ex parte phone call. Again, Ashen cites no evidence in the record to support his claim. Contrary to Ashen's assertions, Linker filed an answer *in propria persona* in the trial court in which he also moved for dismissal. No evidence shows that Linker made any ex parte phone call to the trial court. Rather, it appears the trial court found Linker's request for dismissal persuasive because Ashen's claims were barred by res judicata as to all of the defendants, including Linker. Ashen does not argue on appeal that this was error or offer any legal authority to support reversal of the trial court's ruling. Accordingly, Ashen has abandoned his appeal of the trial court's decision to dismiss Linker. MCR 7.212(C)(7); *Bronson Methodist Hosp*, 298 Mich App at 199; *Woods*, 277 Mich App at 626-627.

Were we to hold that Ashen properly perfected, presented, and briefed his claims on appeal, we would still affirm the trial court's grant of summary disposition to defendant because Ashen's claims are barred. Defendants brought their claims for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Summary disposition is appropriate under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . prior judgment, immunity granted by law, [or] statute of limitations . . . ." As this Court explained in *Dextrom v Wexford Co*, 287 Mich App 406; 789 NW2d 211 (2010):

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id*. at 428-429 (citations omitted).]

As this Court also explained in *Glorycrest Carpenter Rd, Inc v Adams Outdoor Advert Ltd Partnership*, ___ Mich App ___; ___ NW2d ___ (2024) (Docket No. 366261); slip op at 4:

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159 (emphasis omitted). A court must accept all factual allegations as true and review the matter on the pleadings alone. *Id*. at 160. The grant of a motion under MCR 2.116(C)(8) is only appropriate "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). Summary disposition under MCR 2.116(C)(10) is proper when, after considering all evidence in the light most favorable to the nonmoving party, the court determines there is no genuine issue of material fact. *Id*.

Ashen's claims are barred by res judicata and issue preclusion because defendants prevailed on the same issues Ashen raised in this case in the circuit court, federal courts, the Court of Claims, and in this Court. Our Supreme Court explained these preclusion doctrines in *Mecosta Co Med Ctr v Metro Grp Prop & Cas Ins Co*, 509 Mich 276, 282-283; 983 NW2d 401 (2022):

Res judicata bars a second action on the same claim if " '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' " *Foster v Foster*, 509 Mich 109, 120; 983 NW2d 373 (2022), quoting *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Whereas res judicata involves preclusion of entire claims, collateral estoppel focuses on specific issues within an action. See generally *Migra v Warren City Sch Dist Bd of Ed*, 465 US 75, 77 n 1; 104 S Ct 892, 79 L Ed 2d 56 (1984). The elements of collateral estoppel are similar: (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment," (2) the parties or privies " 'must have had a full [and fair] opportunity to litigate the issue,' " and (3) " 'there must be mutuality of estoppel.' " *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (alteration in original), quoting *Storey v Meijer, Inc*, 431 Mich 368, 373 n 3; 429 NW2d 169 (1988).

As our Supreme Court also explained in *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380-381; 596 NW2d 153 (1999), regarding the doctrine of res judicata:

"The doctrine of res judicata was judicially created in order to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.' " *Hackley v Hackley*, 426 Mich 582, 584; 395 NW2d 906 (1986), quoting *Allen v McCurry*, 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980). Both Michigan

and the federal system have adopted a broad approach to the application of res judicata. *Hackley*; *Rivet v Regions Bank of Louisiana*, 522 US 470, 474-476; 118 S Ct 921; 139 L Ed 2d 912 (1998). As we have stated:

> In Michigan, the doctrine of res judicata applies, except in special cases, in a subsequent action between the same parties and " 'not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' " [*Hackley* at 585 (citations omitted).]

As a general rule, res judicata will apply to bar a subsequent relitigation based upon the same transaction or events, regardless of whether a subsequent litigation is pursued in a federal or state forum. The rule, as applied by the federal courts, has been stated as:

> If a plaintiff has litigated a claim in federal court, the federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action, including any theories of liability based on state law. The state courts must apply federal claim-preclusion law in determining the preclusive effect of a prior federal judgment. [18 Moore, Federal Practice, § 131.21[3][d], p 131-150.]

Ashen's claims in this litigation relate to his dissatisfaction with the outcome of his case in *Ashen v Assink*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 2017 (Docket No. 331811). In that matter, the trial court ruled, and this Court affirmed, that Ashen failed to establish his claim of adverse possession related to property located at 246 Webster Avenue in South Haven. Ashen's goal of relitigating the issues in that case is evidenced by his requested relief in subsequent cases for the court to grant him title to the South Haven property.

However, our Supreme Court denied Ashen's application for leave to appeal in that case, *Ashen v Assink*, 501 Mich 952, 952 (2018), and it also denied his motion for reconsideration, *Ashen v Assink*, 501 Mich 1064, 1064 (2018). To the extent Ashen continues to argue that he established his ownership of the South Haven property through adverse possession, he conceded at oral argument in this case that the matter was decided in previous cases. Consequently, he is barred from relitigating those issues here.

Thereafter, Ashen brought various claims against defendants for their roles in *Ashen v Assink*, including his attorney, Holmstrom; the trial court judge, Judge DiStefano; the Assinks' attorney, Barnes; and the person Ashen believed brokered the sale of the property to the Assinks, Linker. Ashen sued Holmstrom for legal malpractice and the trial court's ruling in favor of Holmstrom was affirmed by this Court in *Ashen v Holmstrom*, unpublished per curiam opinion of the Court of Appeals, issued April 30, 2020 (Docket No. 347291). Thus, on Ashen's claim that Holmstrom somehow caused him to lose his adverse possession claim through his representation

of Ashen, this Court decided the issue on the merits, the prior action involved the same parties, and the matter was resolved in that case. *Mecosta*, 509 Mich at 282-283.

Ashen also filed an action in the Court of Claims against Judge DiStefano and the court ruled that Ashen's complaint was an impermissible collateral attack on this Court's prior ruling and that Judge DiStefano is immune from tort liability under MCL 691.1407(5). *Ashen v DiStefano* (Case No. 19-000155-MM), unpub op at 1-3. Further, Ashen asserted the same claims he raised in this case against defendants in an action that was dismissed by the United States District Court for the Western District of Michigan. That dismissal was then affirmed by United States Circuit Court of Appeals for the Sixth Circuit. *Ashen v DiStefano* (Case No. 18-cv-1210). Again, all of Ashen's claims were already litigated and he is barred from relitigating them. *Mecosta*, 509 Mich at 282-283.

In sum, in state and federal courts, Ashen previously litigated all of the claims he raised in this case and they are barred from relitigation. The trial court's award of summary disposition was proper, and Ashen has presented no colorable basis for relief on appeal.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani