TEW v HILLSDALE TOOL & MANUFACTURING COMPANY

Docket No. 252661. Submitted April 13, 2005, at Lansing. Decided October 13, 2005, at 9:05 a.m.

Jay W. Tew was awarded workers' compensation benefits in 1993 in connection with his employment by Hillsdale Tool & Manufacturing Company, whose workers' compensation insurance carrier was Liberty Mutual Insurance Company. In 2002, Tew filed an application seeking multiple penalties under MCL 418.801(3) against Liberty for its failure to pay several medical bills in a timely manner. The magistrate determined that under the language of the statute, only a single penalty of $1,500 could be imposed, despite the existence of several late payments. The Workers' Compensation Appellate Commission (WCAC) affirmed. The Court of Appeals, GRIFFIN, P.J., and METER and OWENS, JJ., denied Tew's application for leave to appeal in an unpublished order entered May 15, 2003 (Docket No. 245137). In lieu of granting Tew's application for leave to appeal, the Supreme Court remanded the matter to the Court of Appeals for consideration as on leave granted. 469 Mich 978 (2003).

The Court of Appeals *held*:

The WCAC did not err by affirming the magistrate's decision. In *Townsend v M-R Products, Inc*, 436 Mich 496 (1990), the Supreme Court concluded that similar language in MCL 418.801(2) concerning late payments of weekly compensation benefits or accrued weekly benefits limited a plaintiff to a total penalty of $1,500, despite a failure to pay those benefits over an extended period. The plain language of MCL 418.801(3) also clearly indicates that no more than a total of $1,500 may be imposed as a penalty for the late payment of medical bills, regardless of whether the plaintiff had multiple bills from various health care providers for treatment involving different parts of his body.

Affirmed.

WORKERS' COMPENSATION — FAILURE TO PAY MEDICAL BENEFITS — PENALTIES.

The Worker's Disability Compensation Act provides for a single award of not more than $1,500 for the failure to pay medical bills

within 30 days after the insurance carrier has received proper
notice, regardless of whether there are multiple bills from differ-
ent providers for treatment involving different parts of the body
(MCL 418.801[3]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by
*James T. Haadsma*), for the plaintiff.

*Batalucco, Hughes & Brasic* (by *Edward J. Hughes*)
for the defendants.

Before: FORT HOOD, P.J., and METER and SCHUETTE, JJ.

METER, J. Plaintiff appeals as on leave granted from
an order of the Workers' Compensation Appellate Com-
mission (WCAC) that affirmed the magistrate's decision
to award only one $1,500 penalty under MCL
418.801(3) for multiple late payments of medical ex-
penses. This Court initially denied plaintiff's applica-
tion for leave to appeal, after which plaintiff sought
leave to appeal in the Supreme Court. In lieu of grant-
ing the application, the Supreme Court remanded the
matter to this Court for consideration as on leave
granted. 469 Mich 978 (2003).[1] We conclude that the
WCAC did not err in upholding the magistrate's deci-
sion.

In July 2002, plaintiff filed an application seeking the
imposition of multiple penalties against defendant Lib-
erty Mutual Insurance Company (Liberty) for failure to
pay medical bills in a timely manner under MCL
418.801(3). MCL 418.801(3) states:

If medical bills or travel allowance are not paid within
30 days after the carrier has received notice of nonpayment

---

[1] We note that the original docket number for this case was 245137.
After the Supreme Court remanded the case to this Court, the appeal was
assigned Docket No. 252661.

by certified mail, in cases where there is no ongoing dispute, $50.00 or the amount of the bill due, whichever is less, shall be added and paid to the worker for each day over 30 days in which the medical bills or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection.

The dispute on appeal is whether, under this statutory provision, plaintiff is entitled to one $1,500 penalty for the late payments of all medical bills to date or to a separate $1,500 penalty for each late payment by Liberty.[2]

The parties stipulated to the following facts:

1. Following a trial of this case, Magistrate Carolyn Bruce Erickson issued an Opinion/Order dated 1-25-93 granting Plaintiff wage-loss benefits at the rate of $367.08 per week from 9-10-91 until further order from the Bureau. The Magistrate found Plaintiff had developed right carpal tunnel syndrome due to his employment activities in 1991; that he developed a low back problem due to a work related injury in 1988; and that he sustained a partial amputation to his right foot as a result of an injury he sustained on 2-24-68. Plaintiff had previously been found to have sustained the industrial loss of use of his right foot due to the injury he had sustained on 2-24-68 when Hillsdale Tool was insured by Lumberman's Mutual Insurance Company. The Magistrate found each of these conditions had been aggravated by Plaintiff's employment activity through his last day of work on 9-10-91, when Hillsdale Tool was insured by Defendant carrier, Liberty Mutual Insurance Company.

2. On Claim for Review, the Workers' Compensation Appellate Commission by Order dated 11-8-93 affirmed . . . the Magistrate's Opinion/Order with regard to the carpal tunnel and back conditions. It modified the Magistrate's

---

[2] As shown by the stipulated facts, portions of which are quoted later in this opinion, defendants do not dispute that payments were untimely. Defendants only dispute that plaintiff is entitled to more than one $1,500 penalty for the delinquency.

Opinion/Order with regard to his right foot condition finding the facts established [that] Plaintiff's work activities caused a symptomatic aggravation rather than a pathologic aggravation of his right foot.

3. Defendant carrier has been paying Plaintiff workers [sic] compensation benefits pursuant to the Bureau Orders since the issuance of said Orders and the denial of Defendant's Application for Leave to Appeal issued by the Michigan Court of Appeals dated 4-5-94.

\* \* \*

4. Plaintiff's present Application for Hearing—Form A filed with the Bureau on 1-31-00 asserts a Claim for Penalty Payment for failure to pay work related mileage expense, reimbursement, meal expense reimbursement, pharmacist expense for medication, and medical expense to U/M Health Systems (for treatment on 9-10-98, 10-5-98 and 3-26-99); White & White (for medical supplies provided on 6-28-99 and 7-27-99) and Huron Valley Radiology (for a date of service of 3-8-99).

\* \* \*

6. Plaintiff has submitted medical bills for medical treatment for plaintiff's work related injuries to Liberty Mutual by certified mail . . . , which were paid by Liberty Mutual more than thirty (30) days after Liberty Mutual received the medical bills, as follows:

[a.] Plaintiff submitted to Liberty Mutual a medical bill from U-M Health System for dates of service from September 10, 1998 through March 26, 1999 in the amount of $3,720.00. Liberty Mutual received this bill on October 5, 1999 and paid the bill on March 30, 2000.

[b.] Plaintiff submitted to Liberty Mutual a medical bill from Huron Valley Radiology for date of service of March 8, 1999 in the amount of $24.00. Liberty Mutual received this bill on October 5, 1999 and paid the bill on March 26, 2001.

[c.] Plaintiff submitted to Liberty Mutual a chiropractic bill from Patsy Jones, D.C., for dates of service from November 9, 1999 - January 14, 2000 in the amount of $637.64. Liberty Mutual received this bill on January 27, 2000 and paid the bill on February 16, 2001.

[d.] Plaintiff submitted to Liberty Mutual a medical bill from White & White Home Medical Equipment for dates of service from June 9, 1999 - July 27, 1999 in the amount of $118.30. Liberty Mutual received this bill on February 3, 2000 and paid the bill on April 6, 2000.

[e.] Plaintiff submitted to Liberty Mutual a medical bill from Stephen Orthopedic Shoes for date of service of January 31, 2001 in the amount of $2,270.00. Liberty Mutual received this bill on May 29, 2001 and paid the bill on September 13, 2001.

[f.] Liberty Mutual agreed to pay medical bills from McAuley Health Services in the amount of $550.00 for date of service of October 14, 1994 by voluntary payment agreement entered into with plaintiff on September 22, 1999. Liberty Mutual paid this bill on March 26, 2001.

7. Plaintiff has submitted nearly all medical bills for payment to Liberty Mutual by certified mail. Liberty Mutual has paid several medical bills in a timely manner.

\* \* \*

10. Plaintiff asserts he is entitled to penalties totaling $9,000.00.

11. Defendant asserts Plaintiff's penalty claim, if any, is limited to $1,500.00.

The magistrate rejected plaintiff's position, relying largely on *Townsend v M-R Products, Inc,* 436 Mich 496; 461 NW2d 696 (1990). In *Townsend, supra* at 501-502, the Court addressed the penalties under MCL 418.801(2) for late payments of weekly compensation and accrued benefits. MCL 418.801(2) states:

> If weekly compensation benefits or accrued weekly benefits are not paid within 30 days after becoming due and payable, in cases where there is not an ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the benefits are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection.

The *Townsend* Court concluded that $1,500 was the total amount the plaintiff could obtain as a penalty, even though the defendant "failed to pay benefits to [the plaintiff] from the fall of 1983 through the middle of 1985." *Id.* at 499, 501-502, 504. The magistrate emphasized that MCL 418.801(3) employed language similar to the language of MCL 418.801(2) and that, therefore, the holding of *Townsend* applied to this case.

The WCAC affirmed the ruling of the magistrate. After reviewing a number of its past decisions and expressing its sympathy for plaintiff's plight, the commission stated:

> In light of these parameters, we agree with the magistrate that we are constrained to follow general past precedent and permit only one penalty to be awarded as a result of any hearing finding undisputed, overdue medical expenses. While plaintiff has managed to describe a factual situation arguably distinct from all past cases, the wide range of precedent giving only one penalty in many different situations constrains us to follow the generally established trend of a single-penalty award. While there is ambiguity in the section, this alone does not prompt us to go in a direction not traveled in the last 15 years. [*Tew v Hillsdale Tool & Mfg Co*, 2002 Mich ACO 279.]

We find no basis on which to reverse the decision of the WCAC.

This Court's review in workers' compensation cases is limited to questions of law. See *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 706; 614 NW2d 607

(2000). Findings of fact made or adopted by the WCAC are conclusive on appeal, absent fraud, if there is any competent evidence in the record to support them. *Id.* at 706, 709-710, 726. This Court does not weigh or balance the evidence but instead merely determines whether "any evidence" exists to support the WCAC's decision. *Id.* at 727. A decision of the WCAC is subject to reversal if the commission operated within the wrong legal framework, if the decision was based on erroneous legal reasoning, if the commission based a finding of fact on a misconception of law, or if the commission failed to apply the law correctly. *Bates v Mercier,* 224 Mich App 122, 124; 568 NW2d 362 (1997); *Jones-Jennings v Hutzel Hosp (On Remand),* 223 Mich App 94, 105; 568 NW2d 680 (1997).

Plaintiff's claim that this Court should reverse the WCAC's decision that he is entitled to only one $1,500 penalty payment under MCL 418.801(3) is without merit. Even considering that plaintiff had multiple bills from multiple health care providers for treatment involving multiple parts of his body, the language of the statute simply does not warrant the imposition of a penalty for each separate medical bill because the Legislature intended only to provide recovery of one penalty award under these circumstances. This conclusion is consistent with the Supreme Court's holding in *Townsend* and with various WCAC rulings upholding a single penalty rule.

Again, MCL 418.801(3) provides:

> If medical bills or travel allowance are not paid within 30 days after the carrier has received notice of nonpayment by certified mail, in cases where there is no ongoing dispute, $50.00 or the amount of the bill due, whichever is less, shall be added and paid to the worker for each day over

30 days in which the medical bills or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection.

Plaintiff argues that the above provision is not intended to limit a plaintiff to only one $1,500 late penalty if an insurance carrier is delinquent in paying multiple medical bills. Plaintiff states:

> It is [plaintiff's] interpretation that the subsection's caveat is not intended to limit [plaintiff's] remedy, for he has incurred different ongoing work-related medical treatment, to different parts of his body, by different providers, and has only submitted this expense by certified mail one time per provider, and has only sought imposition of penalty for each of Liberty Mutual's payments omissions, for one time per omission (not multiple penalties for continuing omission in relation to a single bill).

However, as noted earlier, in *Townsend* the Court concluded, in the context of the late payment of weekly compensation benefits, that only one $1,500 penalty could be assessed, even though the defendant failed to pay weekly benefits for nearly two years. *Townsend, supra* at 499, 501-502, 504. Essentially, the Court held that, regardless of the number of weeks the defendant was delinquent in payment, "a maximum $1,500 penalty . . . may be levied against an employer or insurer for delinquent or unpaid compensation benefits owing to a worker." *Id.* at 502. The *Townsend* Court also noted in a footnote that subsection 3 was added to MCL 418.801 when the Legislature decided to make a separate but single $1,500 penalty available for failure to pay medical bills:

> Before the enactment of 1985 PA 103, . . [MCL 418.801(2)] encompassed not only weekly benefits or accrued weekly benefits, but also "medical bills, or travel allowance." Before the 1985 amendment, delinquent or unpaid compensation benefits, medical bills, or travel al-

lowances all triggered the penalty provision with a $1,500 limitation. The 1985 amendment eliminated the words "medical bills, or travel" from [MCL 418.801(2)] and added [MCL 418.801(3)] which provides for an additional $1,500 for nonpayment of medical bills or travel allowance[.] [*Townsend, supra* at 501 n 7.]

In addition to citing *Townsend,* the WCAC made reference to other factually similar WCAC rulings that limited a plaintiff's recovery under MCL 418.801(3) to a single penalty payment, even for multiple instances of untimely paid medical bills. For instance, in *Brown v Eller Outdoor Advertising,* 1991 Mich ACO 12, the defendant insurer acknowledged that it had failed to pay in a timely manner in accordance with MCL 418.801 and, therefore, was subject to a penalty under MCL 418.801(3). However, the WCAC refused to order additional penalties with respect to each subsequently filed petition and also rejected the plaintiff's contention that the insurer's failure to pay for the items listed in the petition constituted separate violations that entitled him to separate penalties for the late payment of each item.

The WCAC in *Brown* stated the following rationale for its decision:

The *Townsend* proscription of levying a penalty in excess of $1500 against an employer for delinquent or unpaid weekly benefits owing to an employee must also be read to limit any penalty assessed for unpaid medical benefits due and owing an employee. Both subsections 801(2) and (3), after all, contain the identical language upon which the Court focused in reaching its conclusion, i.e., that "[n]ot more than $1500.00 in total may be added pursuant to this subsection."

Moreover, in Section 801(3), the Legislature provided for a maximum $1500 penalty for "medical bills," and not for the separate items listed within those bills. A penalty

provision is to be strictly construed in favor of the party subject to the penalty. *Goetz v Black*, 256 Mich 564[, 572-573; 240 NW2d 94] (1932); *Robinson v Harmon (On Rehearing)*, 157 Mich 272[, 278; 122 NW 106] (1909); . . . *Bremer v Equitable Construction & Mortgage Corp*, 26 Mich App 204[, 208; 182 NW2d 69] (1970). As a rule of construction, statutes providing penalties are deemed to be noncumulative unless a contrary intent is clearly expressed therein. 36 Am Jur 2d, *Forfeitures and Penalties*, Section 65, p 653. We agree with the Magistrate that:

> "The entire relief granted in the [November 5, 1986] decision is treated as a single corpus and accordingly only a single penalty can flow from the failure to satisfy such unappealed decision either in full or in part."

We find the reasoning in *Brown* persuasive. We further note that in *Baker v Pemco Die Casting Corp*, 2000 Mich ACO 449, the plaintiff was once again awarded a single penalty when the defendant insurer failed to pay numerous outstanding medical bills in a timely fashion, in violation of MCL 418.801(3).

We conclude, in accordance with *Townsend* and the WCAC rulings upholding the single penalty rule, that the plain language of MCL 418.801(3) supports the WCAC's ruling in this case. Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

The language of MCL 418.801(3) is clear that "[n]ot more than $1,500.00 in total may be added pursuant to this subsection." The key word to focus on is "added," because what the penalty is being "added" to is clearly and plainly a plural object: "medical bills." The statute

states that "[i]f medical *bills* . . . are not paid, . . . $50.00 or the amount of the bill due, whichever is less, shall be added and paid to the worker for each day over 30 days in which the medical *bills* . . . are not paid." MCL 418.801(3) (emphasis added). The statute could have stated that "if *a* medical *bill* is not paid, $50 or the amount of the bill due, whichever is less, shall be added and paid to the worker for each day over 30 days in which the medical *bill* is not paid." However, this is not the statutory language. Thus, regardless of whether plaintiff had multiple bills, regarding multiple parts of the body, the language of the statute simply does not warrant the imposition of a penalty for each separate medical bill, because the Legislature provided for a maximum penalty of $1,500 for untimely paid "medical bills."

The WCAC did not err in upholding the magistrate's decision.

Affirmed.