*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER KOLLINGER,

      Plaintiff-Appellee,

v

MILLER BROACH, INC, and PATRIOT
GENERAL INSURANCE COMPANY,

      Defendants-Appellees,

and

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

      Appellant.

FOR PUBLICATION
December 16, 2025
10:00 AM

No. 368368
Workers' Disability Compensation
Appeals Commission
LC No. 23-000018

MARVIN WASHINGTON,

      Plaintiff-Appellee,

v

EUCLID INDUSTRIES, INC, and MIDDLESEX
INSURANCE COMPANY,

      Defendants-Appellees,

and

No. 368543
Workers' Disability Compensation
Appeals Commission
LC No. 23-000019

-1-

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

_____

DAVID BELLAMY, JR.,

        Plaintiff-Appellee,

v                                                                    No. 368704
                                                                     Workers' Disability Compensation
                                                                     Appeals Commission
SUNDANCE BEVERAGE COMPANY, and                                       LC No. 23-000022
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,

        Defendants-Appellees,

and

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

_____

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

BOONSTRA, J.

        In the actions underlying these consolidated appeals,[1] the plaintiff employees sought workers' compensation benefits and the defendant employers issued subpoenas (for records) to the Unemployment Insurance Agency, a subdivision of the Department of Labor and Economic Opportunity (hereinafter appellant or UIA). The magistrates denied appellant's motions to quash those subpoenas, and the Workers' Disability Compensation Appeals Commission (WDCAC) affirmed. Appellant now appeals by leave granted.[2] We affirm.

_____

[1] See *Kollinger v Miller Broach, Inc*, unpublished order of the Court of Appeals, entered May 22, 2024 (Docket No. 368368).

[2] See *id.*

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In Docket No. 368368, plaintiff Christopher Kollinger applied for worker's compensation benefits under the Worker's Disability Compensation Act of 1969, MCL 418.101 *et seq*., (WDCA), on May 19, 2022, alleging that he had suffered a disabling injury to his shoulder and arm when he fell from a ladder during his employment with defendant Miller Broach, Inc (Miller Broach). In Docket No. 368543, plaintiff Marvin Washington applied for worker's compensation benefits under the WDCA on June 9, 2022, alleging that he had suffered a disabling injury to his back and shoulder when he moved a heavy item during his employment with defendant Euclid Industries, Inc (Euclid). In Docket No. 368704, plaintiff David Belamy, Jr. applied for worker's compensation benefits under the WDCA on August 31, 2022, alleging that he had suffered a disabling injury to his hand when he reached into machinery during his employment with defendant Sundance Beverage Company (Sundance).

Defendants issued subpoenas to appellant requesting agency records regarding the plaintiff in their respective cases. In Docket Nos. 368368 and 368704, Miller Broach and Sundance issued subpoenas to appellant requesting:

> ANY AND ALL UNEMPLOYMENT INSURANCE AGENCY RECORDS REGARDING THE ABOVE-REFERENCED PLAINTIFF, INCLUDING BUT NOT LIMITED TO ALL UNEMPLOYMENT APPLICATIONS, UNEMPLOYMENT BENEFITS PAID, UNEMPLOYMENT DECISIONS, DETERMINATIONS, ORDERS, APPEALS, AND EVIDENCE INCLUDING BUT NOT LIMITED TO CLAIMANT AND EMPLOYER COMMUNICATIONS, STATEMENTS, TRANSCRIPTS OR RECORDINGS OF HEARINGS.

In Docket No. 368543, Euclid issued a subpoena to appellant requesting:

> (a) ALL UNEMPLOYMENT INSURANCE AGENCY BENEFIT PAYMENTS REGARDING THE ABOVE-REFERENCED PLAINTIFF . . . FROM 03/01/2022 TO THE PRESENT DATE;

> (b) ALL UNEMPLOYMENT INSURANCE AGENCY RECORDS REGARDING THE ABOVE-REFERENCED PLAINTIFF, INCLUDING BUT NOT LIMITED TO ALL UNEMPLOYMENT APPLICATIONS, UNEMPLOYMENT BENEFITS PAID, UNEMPLOYMENT DECISIONS, DETERMINATIONS, ORDERS, APPEALS, AND EVIDENCE INCLUDING BUT NOT LIMITED TO CLAIMANT AND EMPLOYER COMMUNICATIONS, STATEMENTS, TRANSCRIPTS OR RECORDINGS OF HEARINGS.

In each case, appellant moved to quash the subpoena, arguing that the records requested were confidential under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*., or alternatively that the scope of the subpoena was overbroad and should be narrowed. The worker's compensation magistrates assigned to the cases each issued an order denying the motion and requiring production of the requested records; in Docket Nos. 363836 and 368704, the magistrates also held appellant in contempt.

Appellant filed an appeal with the WDCAC in each case; in addition to reiterating its earlier arguments, appellant argued in the alternative that the WDCAC should require defendants to pay the costs of production and keep any disclosed information confidential.

In Docket No. 368368, the WDCAC issued an en banc opinion and order reversing the magistrate's contempt finding, but otherwise affirming the magistrate's decision. See *Kollinger v Miller Broach, Inc*, 2023 Mich ACO 8, 10; *Kollinger v Miller Broach, Inc*, order of the Workers' Disability Compensation Appeals Commission, entered September 27, 2023 (Docket No. 23-0018). In *Kollinger*, the WDCAC opined that "[t]he argument presented by the UIA essentially points to the parts of the MESA that encourage confidentiality and ignores the provisions that permit disclosure when, as here, demanded." *Kollinger*, 2023 Mich ACO 8, 4. One such provision is MCL 421.11(b)(1)(*i*),[3] which, the WDCAC reasoned, represented a "statutory mandate" regarding the disclosure of information that might affect a worker's disability claim. *Kollinger*, 2023 Mich ACO 8, 4. The WDCAC interpreted the statute's language as requiring

> the availability of *any* information that *might*—not would, but might—affect a workers' compensation claim, with no qualifiers as to the sort of information contemplated. In addition, the Legislature stated that the information "*must* be available." . . . This is clear and unambiguous. To the extent that the UIA would impose undue restrictions upon what information must be provided, we find they are unsupported by this clear statutory directive. [*Id*. at 4-5.]

The WDCAC also held that the defendants in that case[4] were "interested parties" under Rule 421.201, Mich Admin Code, R 421.201,[5] reasoning as follows:

> This language [of Rule 421.201] makes clear that an interested party can be *anyone* whose rights or obligations might be affected. . . . The UIA's restrictive interpretation runs contrary to the plain meaning of "anyone," and we reject it accordingly.
>
> . . . The remainder of the rule subsequently narrows [the] definition [of "interested party,"] but only as to parties to an unemployment benefit determination. Each subsection sets forth a class of "interested parties" *solely in the context of an unemployment compensation claim or proceeding*. [*Kollinger*, 2023 Mich ACO 8, 5.]

---

[3] MCL 421.11(b)(1)(*i*) states that "[i]nformation in the unemployment agency's possession that might affect a claim for worker's disability compensation under the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.101 to 418.941, must be available to interested parties as defined in R 421.201 of the Michigan Administrative Code, regardless of whether the unemployment agency is a party to an action or proceeding arising under that act."

[4] Named as defendants were Miller Broach and its insurer, Patriot General Insurance Company.

[5] The language of Rule 421.201 is quoted in full later in this opinion.

-4-

The WDCAC concluded that Rule 421.201, and by extension MCL 421.11, "[do] *not* limit the noted statutory rights or obligations to those that might arise under the MESA," including employers such as defendants:

> Rule 201 is written broadly enough to include an employer responding to an unemployment compensation claim and a workers' compensation claim, both from the same employee, as an "interested party." As a result, information in the UIA's possession that might affect a claim for workers' compensation must be available to the employer. There are no time constraints in the MESA; and the fact that an unemployment compensation claim might have been concluded previously does not mean that the definition of the employer as "interested party" is no longer effective with regard to a current workers' [sic] compensation claim. [*Kollinger*, 2023 Mich ACO 8, 6 (citations omitted).]

The WDCAC also rejected appellant's argument regarding the limitations on disclosure in MCL 421.11(b)(1)(*iii*),[6] noting that the language of the provision indicates that it is subject to exceptions found in other parts of the MESA. *Kollinger*, 2023 Mich ACO 8, 6. The WDCAC reasoned that this phrase renders the subparagraph subject to exceptions provided elsewhere in the statute. *Id*. at 6. The WDCAC noted that appellant had based its argument on caselaw interpreting MCL 421.11(b)(1) before the amendment that added the worker's compensation exception. *Kollinger*, 2023 Mich ACO 8, 7.

The WDCAC also held that appellant had failed to support its argument that the employer's record request was overly broad and burdensome. *Id*. at 7. The WDCAC concluded that the employer had demonstrated the potential relevance of the information. *Id*. at 7-8. The WDCAC further reasoned as follows:

> In this case, we can appreciate that some information sought by the subpoena could be relevant in that it "might affect a claim for worker's disability compensation" benefits, MCL 421.11(b)(1)(*i*), because, for example, both statutory schemes address a search for work. . . . As a result, information in the unemployment compensation record may make the fact of a search for employment more probable or less probable. Such information also relates to the employee's credibility and, as such, is always relevant. [*Kollinger*, 2023 Mich ACO 8, 7 (quotation marks and citations omitted).]

---

[6] MCL 421.11(b)(1)(*iii*) states that "[e]xcept as provided in this act, the information and determinations must not be used in any action or proceeding before any court or administrative tribunal unless the unemployment agency is a party to or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision (2)." Subdivision 2 concerns the disclosure of specific information held by the unemployment agency to "qualified requesting agencies," i.e., certain federal, state, or local government agencies. See MCL 421.11(b)(2).

Regarding appellant's argument that the burden and expense of the request outweighed its likely benefit, and therefore required limitation under MCR 2.302(B)(1), the WDCAC reasoned as follows:

> [T]he court rules are not applicable here, MCR 1.103; *Bradley* [*v Colonial Mold, Incorporated*, Mich 2022 ACO 7, 12, n 30], and the UIA has offered us absolutely no information upon which to base such a determination. The UIA has not explained how production would be a significant burden. Instead, it offers only the following vague and nonspecific claim: "In this case, the [UIA] would be required to review and reproduce an unemployment file spanning an unspecific amount of time (the subpoena does not have a date restriction), much of which would be irrelevant to issues related to this matter." [*Kollinger*, 2023 Mich ACO 8, 8 (citation omitted).]

In summary, the WDCAC stated:

> The WDCAC finds that the UIA records sought in this matter are not exempt from disclosure, and that defendants are entitled to the materials they have requested. Any contrary result would ignore clear language in the statute . . . . It would also disregard language in R 421.201(1) . . . . The UIA's citation to isolated portions of the statute or rule in disregard of the language as a whole frustrates the legislature's intent, contrary to the objective of statutory construction. . . . The UIA must comply with the defendants' subpoena. [*Kollinger*, 2023 Mich ACO 8, 8-9 (citation omitted).]

Subsequently, in Docket Nos. 368543 and 368704, the WDCAC issued opinions and orders affirming the magistrates' decisions (apart from reversing the contempt finding in Docket No. 368704) based on *Kollinger*. See *Washington v Euclid Indus, Inc*, 2023 Mich ACO 9; *Washington v Euclid Indus, Inc*, order of the Workers' Disability Compensation Appeals Commission, entered October 11, 2023, (Docket No. 23-0019); *Bellamy v Sundance Beverage Co*, 2023 Mich ACO 11, 2-3; *Bellamy v Sundance Beverage Co*, order of the Workers' Disability Compensation Appeals Commission, entered October 19, 2023 (Docket No. 23-0022).

These appeals followed.

## II. EXCEPTION TO CONFIDENTIALITY

Appellant argues that the WDCAC erred by holding that defendants, as employers, were "interested parties" under the MESA and that the exception to the MESA's general rule of confidentiality applied to their subpoenas. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo questions of law involved in agency appeals, including issues involving the interpretation of statutes or agency rules. See *Cramer v Transitional Health Servs of Wayne*, 512 Mich 23, 41; 1 NW3d 9 (2023). Although our review is de novo, "[a]n administrative agency's interpretation of a statute is accorded respectful consideration and should

not be overturned without cogent reasons." *Id*. at 42. This Court reviews de novo questions of law involved in any final order of the WDCAC. See *Stokes v Chrysler LLC*, 481 Mich 266, 274; 750 NW2d 129 (2008). A decision of the WDCAC may be reversed if the commission operated within the wrong legal framework, or based its decision on erroneous legal reasoning, *DiBenedetto v W Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000), or if it based a finding of fact upon a misconception of law, or failed to correctly apply the law, *Tew v Hillsdale Tool & Mfg Co*, 268 Mich App 399, 405; 706 NW2d 883 (2005). This Court is without authority to review a question of law not raised before or addressed by the WDCAC. MCL 418.861a(14); *Calovecchi v State*, 461 Mich 616, 626; 611 NW2d 300 (2000); *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 637; 808 NW2d 471 (2010).

This Court's review is of the decision of the WDCAC, not of the magistrate. *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 561; 710 NW2d 59 (2005). See also *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (200). This Court may not independently weigh the evidence, *Ruthruff v Tower Holding Corp*, 261 Mich App 613, 616; 684 NW2d 888 (2004), or independently review the magistrate's decision, see *Mudel*, 462 Mich at 701. Due deference should be given to the administrative expertise of the WDCAC, as well as that of the magistrate. *Mudel*, 462 Mich at 703; *Holden v Ford Motor Co*, 439 Mich 257, 268-269; 484 NW2d 227 (1992).

We review de novo issues of statutory interpretation. See *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Id.* The provisions of a statute should be construed reasonably and in context. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012).

## B. THE WDCA AND THE MESA

These appeals concern two statutory benefit schemes: worker's compensation under the WDCA, and unemployment benefits under the MESA. When an employee makes a claim for worker's compensation under the WDCA and establishes both disability and wage loss, the calculation of weekly wage loss benefits is reduced by the amount of unemployment benefits paid to the employee during the relevant time periods. See MCL 418.358. Additionally, the UIA is required to inform the Michigan Workers' Disability Compensation Agency if an employee receiving worker's compensation benefits had received and refused a bona fide offer of reasonable employment. See MCL 418.301(10); see also *Perez v Keeler Brass Co*, 461 Mich 602, 613; 608 NW2d 45 (2000); *Price v Westland Police Dep't*, 451 Mich 329, 337; 547 NW2d 24 (1996); *Pulver v Dundee Cement Co*, 445 Mich 68, 81; 515 NW2d 728 (1994). Whether a refusal of employment is for good and reasonable cause is a question of fact for the WDCAC. *Pulver*, 445 Mich at 81.

When an employee makes a claim for worker's compensation under the WDCA and establishes an initial showing of disability, see MCL 418.301(5), "the employer bears the burden of production of evidence to refute the employee's showing," MCL 418.301(6). "In satisfying its burden of production of evidence, the employer has a right to discovery if necessary for the employer to sustain its burden and present a meaningful defense." MCL 418.301(6). Attorneys of record in worker's compensation actions may issue subpoenas with the force of law. See MCL 418.583, see also Mich Admin Code, R 418.89(7).

The issue in this case, in some respects, is a simple one: when an employee seeks worker's compensation benefits, is the defendant employer entitled to information about the employee's unemployment benefits held by appellant? Much of the information relating to unemployment benefits is confidential under the MESA. MCL 421.11(b)(1). But that provision was substantially amended in 1996 to include an entirely new subsection, the current MCL 421.11(b)(1)(*i*). Compare MCL 421.11(b)(1) as amended by 1993 PA 279 with MCL 421.11(b)(1) as amended by 1995 PA 25 (effective March 28, 1996). MCL 421.11(b) currently provides in relevant part:

(1) Information obtained from an employing unit or individual pursuant to the administration of this act and determinations as to the benefit rights of any individual are confidential and must not be disclosed or open to public inspection other than to public employees and public officials in the performance of their official duties under this act, in a manner that reveals the individual's or the employing unit's identity or any identifying particular about an individual or a past or present employing unit or that could foreseeably be combined with other publicly available information to reveal identifying particulars. However, all of the following apply:

(*i*) Information in the unemployment agency's possession that might affect a claim for worker's disability compensation under the worker's disability compensation act of 1969, 1969 PA 317, MCL 418.101 to 418.941, must be available to interested parties as defined in R 421.201 of the Michigan Administrative Code, regardless of whether the unemployment agency is a party to an action or proceeding arising under that act.

(*ii*) Any information in the unemployment agency's possession that might affect a claim for benefits or a charge to an employer's experience account must be available to interested parties as defined in R 421.201 of the Michigan Administrative Code, and to their agents, if their agents provide the unemployment insurance agency with a written authorization of representation from the party represented. . . .

* * *

(*iii*) Except as provided in this act, the information and determinations must not be used in any action or proceeding before any court or administrative tribunal unless the unemployment agency is a party to or a complainant in the action or proceeding, or unless used for the prosecution of fraud, civil proceeding, or other legal proceeding in the programs indicated in subdivision (2).

* * *

(6) A recipient of confidential information under this act shall use the disclosed information only for purposes authorized by law and consistent with an agreement entered into with the unemployment agency.

The recipient shall not redisclose the information to any other individual or entity without the written permission of the unemployment agency.

Appellant, as an administrative agency, is empowered to promulgate administrative rules to implement the MESA. MCL 421.4(1). To that end, Rule 421.201 states as follows:

(1) The term "interested party," as used in the act or these rules, means anyone whose statutory rights or obligations might be affected by the outcome or disposition of the determination, redetermination, or decision. A claimant for unemployment benefits is not an interested party to a redetermination of charges or to an appeal relating to redetermination of charges. An interested party has all of the following rights:

(a) The right to receive a copy of the notice of determination or re-determination.

(b) The right to request a reconsideration of the determination or redetermination.

(c) The right to appeal to a referee or the board of review in the manner provided in the act.

(2) The agency is an interested party in any appeal before a referee, the board of review, or in any judicial action involving an order or decision of the board of review or a referee.

(3) An employer or employing entity in this or another state is an interested party in connection with a claim for benefits if the employer's or employing entity's account has been charged, the employer or employing entity is presently or potentially chargeable with some portion of benefits paid or payable on such claim, or the employer or employing entity is directly involved in a possible ineligibility or disqualification of a claimant. A base period employer is not an interested party with respect to a nonmonetary adjudication or appeal relating to another base period employer or the last separating employer concerning either benefit payments or charges, unless the issue on appeal is whether the base period employer is chargeable for benefits on the claim under section 29(5) of the act. [Mich Admin Code, R 420.201.]

### C. EMPLOYERS IN WDCA CLAIMS ARE "INTERESTED PARTIES" TO WHOM MESA'S CONFIDENTIALITY EXCEPTION APPLIES

Although our Supreme Court has interpreted the confidentiality requirements of the MESA before, those interpretations did not address the 1996 amendment to MCL 421.11(b)(1). In *Storey v Meijer, Inc*, 431 Mich 368, 370; 429 NW2d 169 (1988), this Court held that the prior version of MCL 421.11(b)(1) "required that unemployment benefit determinations could not be used to collaterally estop the litigation of issues in a subsequent civil suit," because the determinations made by appellant's predecessor, the Michigan Employment Security Commission (MESC), were

"limited to the purpose of determining a claimant's eligibility for benefits." In *Paschke v Retool Indus*, 445 Mich 502, 503-504; 519 NW2d 441 (1994), our Supreme Court held that the plaintiff was not estopped from claiming total disability worker's compensation benefits because of his previous assertions to the MESC that he was willing and able to work. Relying on *Storey*, the Court held the MESA provided an absolute privilege against the use of MESC information and determinations in a subsequent civil proceeding unless the MESC was a party or a complainant in the proceeding. *Paschke*, 445 Mich at 518-519. More specifically, the Court held that when the MESC is not party to a proceeding, representations made before the MESC may not generally be used to estop claims in other forums. *Id*. at 515-518.

In *Storey* and *Paschke*, our Supreme Court not only interpreted a pre-amendment version of MCL 421.11(b)(1), but it interpreted the statute in light of challenges to the *use* of unemployment determinations in subsequent actions. In this case, however, appellant sought to quash the subpoenas not on the basis of the use of the information, but rather on the grounds that defendants were not interested parties or otherwise entitled to the disclosure of confidential information under MCL 421.11(b)(1). This precise issue appears to be an issue of first impression for this Court.

In interpreting the language of MCL 421.11(b)(1), we are guided by the principle that the first criterion in determining legislative intent is the specific language of the statute.[7] *US Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n* (*On Rehearing*), 484 Mich 1, 13; 795 NW2d 101 (2009). Clear statutory language must be enforced as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). Courts may not speculate as to the intent of the Legislature beyond the language expressed in the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 414-415; 596 NW2d 164 (1999). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted. *Pace v Edel-Harrelson*, 499 Mich 1, 7; 878 NW2d 784 (2016).

If the statute defines a term, that definition controls. *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007). If the Legislature has not defined a statutory term, courts give it its plain and ordinary meaning. See MCL 8.3a; *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). Words and phrases should be read in their grammatical context, unless it is clear that something different was intended, and in the context of the entire legislative scheme. See *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009).

In construing a statute, the court should presume that every word has some meaning, *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999), and should avoid any construction that would render any part of a statute surplusage or nugatory, *Robinson v City of Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010). Similarly, as far as possible, effect should be given to every phrase or clause. *US Fidelity Ins & Guaranty Co*, 484 Mich at 13. The omission of a provision in one part of a statute that is included in another part should be construed as

---

[7] The rules of statutory construction also apply to administrative rules. *Detroit Base Coalition for Human Rights of the Handicapped v Dep't of Social Servs*, 431 Mich 172, 185; 428 NW2d 335 (1988).

intentional, *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993), and courts should not interpolate provisions not included by the Legislature, *Mich Basic Prop Ins Ass'n v Office of Fin & Ins Regulation*, 288 Mich App 552, 560; 808 NW2d 456 (2010).

Provisions must be read in the context of the entire statute so as to produce a harmonious whole. See *Macomb Co Prosecuting Attorney v Murphy*, 464 Mich 149, 159; 627 NW2d 247 (2001). Identical language in various provisions of the same act should be construed identically, *The Cadle Co v Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009), while the use of different terms suggests different meanings, *US Fidelity Ins & Guaranty Co*, 484 Mich at 14.

Changes in a statute should be construed in light of predecessor statutes and historical developments. *Advanta Nat'l Bank v McClarty*, 257 Mich App 113, 120; 667 NW2d 880 (2003). The Legislature is presumed to act with knowledge of judicial statutory interpretations. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 505-506; 475 NW2d 704 (1991). Generally, the reenactment of a statute following judicial construction sanctions that construction. See *Smith v Detroit*, 388 Mich 637, 650-651; 202 NW2d 300 (1972). Similarly, an amendment enacted soon after controversies arise may be regarded as a clarification of the original act. *Detroit v Walker*, 445 Mich 682, 697; 520 NW2d 135 (1994); *Attorney General v City of Flint*, 269 Mich App 209, 214; 713 NW2d 782 (2005). Fundamentally, the Legislature cannot limit the authority of future legislatures to legislate in the same field. See *Pittsfield Twp v Washtenaw Co*, 468 Mich 702, 713; 664 NW2d 193 (2003).

As stated, prior to its amendment in 1996, MCL 421.11(b)(1) did not contain an exception to the confidentiality requirement for discovery in connection with worker's compensation claims. And in fact our Supreme Court had interpreted the statute as barring the use of unemployment determination information in subsequent proceedings not involving appellant's predecessor. *Storey*, 431 Mich at 37; *Paschke*, 445 Mich at 518-519. In addition to noting the express lack of language in the statute permitting such use, our Supreme Court cited policy reasons for its interpretation, concluding that making unemployment determinations and representations available in subsequent proceedings would punish individuals for pursuing unemployment benefits and make those claims more adversarial, frustrating the purpose of the MESA. *Paschke*, 445 Mich at 515; *Storey*, 431 Mich at 378-379.

A year after *Paschke* was decided, the Legislature enacted 1995 PA 25, adding the confidentiality exception of MCL 421.11(b)(1)(*i*) for worker's compensation claims. Because this Court interprets statutory amendments in light of predecessors and intervening judicial interpretations, *Advanta Nat'l Bank*, 257 Mich App at 120; *Gordon Sel-Way, Inc*, 438 Mich at 505-506, the addition of an explicit exception for information "that might affect a claim for worker's disability compensation," MCL 421.11(b)(1)(*i*), after a judicial interpretation broadly asserting that unemployment benefit determinations and information had no use outside of the unemployment benefit determination context, is significant and supports the conclusion that the Legislature intended to ensure that such information could be shared with interested parties in worker's compensation proceedings involving the same claimant.

Further, the language of the current version of MCL 421.11(b)(1)(*i*) leads us to conclude that the Legislature intended all parties to worker's compensation actions to have information from unemployment claims available to them if the information "might affect" the worker's

compensation claim. MCL 421.11(b)(1)(*i*). The inclusion of the word "might" is an indication the Legislature intended this exception to provide broad disclosure by the MESC in connection with a worker's compensation claim; interested parties are not required to prove, for example, that the requested information *will* affect the worker's compensation claim. Additionally, the information "*must* be available to interested parties," indicating mandatory, rather than discretionary, disclosure. See *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009). The language of MCL 421.11(b)(1)(*i*) also makes it explicit that the unemployment agency's status as a party or non-party to a worker's compensation action makes no difference with regard to the provision's disclosure requirements. Because MCL 421.11(b)(1)(*i*) creates an exception for worker's compensation claims and MCL 421.11(b)(1)(*iii*) generally states that "*[e]xcept as provided in this act*, the information and determinations must not be used in any action or proceeding before any court or administrative tribunal unless the unemployment agency is a party to or a complainant in the action or proceeding," see *id.* (emphasis added), the only reasonable conclusion is that the Legislature intended to allow the disclosure of confidential unemployment benefit information in worker's compensation actions even if the UIA is not a party to those proceedings. See *Farrington*, 442 Mich at 210.

Additionally, the WDCAC correctly determined that defendants were "interested parties" under MCL 421.11(b)(1)(*i*) and Rule 421.201. Rule 421.201(1) defines "interested party" simply as "anyone whose statutory rights or obligations might be affected by the outcome or disposition of the determination, redetermination, or decision." Mich Admin Code, R 420.201(1). Because MCL 421.11(b)(1)(*i*) refers to the rule in the context of worker's compensation claims affected by unemployment agency information, and the legislative scheme must be interpreted as a harmonious whole, *Macomb Co Prosecuting Attorney*, 464 Mich at 159, an "interested party" in this context must include an employer whose rights and obligations *under the WDCA* might be affected by the outcome or disposition of an unemployment claim. Interpreting this definition as meaning only persons whose rights and obligations *under the MESA* might be affected would essentially render the exception set forth in MCL 421.11(b)(1)(*i*) surplusage, as those persons would already be interested parties under the statute. See, e.g., MCL 421.11(b)(1)(*ii*).

Appellant argues that Rule 421.201 does not permit employers who are not currently involved in an unemployment claim ("chargeable employers") to be interested parties. Therefore, appellant argues, these particular defendants are not "interested parties" under MCL 421.11(b)(1)(*i*). We disagree. We do not read Rule 421.201 as stating that an employer who is not a chargeable employer but *is* involved in a worker's compensation claim is nonetheless *not* an interested party under MCL 421.11(b)(1)(*i*); rather, Rule 421.201(3) merely describes when an employer is an interested party "in connection with a claim for benefits." See Mich Admin Code, R 420.201(3). In context, the term "claim for benefits," as used in this rule, refers to a claim for *unemployment* benefits. In other words, R 420.201(1) defines an "interested party" generally, while R 420.201(3) indicates when an employer is and is not an "interested party" regarding an employee's claim for unemployment benefits. Defendants in the cases before us do not attain their status as interested parties from the specific requirements of R 420.201(3), but rather from the general requirement of R 420.201(1) that their "statutory rights or obligations might be affected by the outcome or disposition of the determination, redetermination, or decision." That is, defendants are not prohibited from being deemed interested parties (in regard to the confidentiality exception in MCL 421.11(b)(1)(*i*)) in the context of an employee's worker's compensation claim merely because the employee has not also made a claim for unemployment benefits. To interpret

this rule as appellant suggests would be to place the rule at odds with, and in superior position to, clear statutory language and the intent of the Legislature. We decline to engage in such an interpretation. See *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 161; 975 NW2d 2021 ("When an administrative rule conflicts with a statute, the statute controls.").

For these reasons, the WDCAC correctly concluded that, under the MESA, an employer against whom a worker's compensation claim has been made is an "interested party" entitled to confidential unemployment records concerning the claimant. Accordingly, it did not err by affirming the magistrates' denials of appellant's motions to quash the subpoenas in these three appeals.

### III. LIMITATION ON SCOPE OF PRODUCTION/PAYMENT OF COSTS/CONFIDENTIALITY

Appellant also argues in the alternative that the WDCAC erred by failing to narrow the scope of the documents requested in the subpoenas, and by failing to order the employers to maintain the confidentiality of the information and to pay the costs of production. We disagree. This Court reviews for an abuse of discretion a trial court's decisions concerning discovery. *Baker v Oakwood Hosp Corp*, 239 Mich App 461, 478; 608 NW2d 823 (2000). A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

Our court rules specify that they "govern practice and procedure in all courts established by the constitution and laws of the State of Michigan." MCR 1.103. Mich Admin Code, R 792.10102(3) states that "[i]f an applicable [administrative] rule does not exist, the 1985 Michigan rules of court . . . apply." The rules of statutory construction also apply to court rules. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

Appellant moved to quash the subpoenas under MCR 2.305(A), which states, in pertinent part, as follows:

> (1) A represented party may issue a subpoena to a non-party for . . . production or inspection of documents . . . .

> (2) . . . Any request for documents shall indicate that the subpoenaing party will pay reasonable copying costs.

> * * *

> (4) A subpoena issued under this rule is subject to the provisions of MCR 2.302(C),[8] and the court in which the action is pending or in which the

---

[8] MCR 2.302(C) states that "the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

-13-

subpoena is served, on timely motion made by a party or the subpoenaed non-party before the time specified in the subpoena for compliance, may:

> (a) quash or modify the subpoena if it is unreasonable or oppressive;

> (b) enter an order permitted by MCR 2.302(C); or

> (c) conditionally deny the motion on prepayment by the party on whose behalf the subpoena is issued of the reasonable cost of producing documents or other tangible things.

Additionally, MCR 2.302(B)(1) delineates the general scope of discovery as

> any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, taking into account all pertinent factors, including whether the burden or expense of the proposed discovery outweighs its likely benefit, the complexity of the case, the importance of the issues at stake in the action, the amount in controversy, and the parties' resources and access to relevant information.

See also *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 374-375; 986 NW2d 451 (2022); *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 260-261; 833 NW2d 331 (2013).

Michigan's discovery rules do not permit a party to conduct a "fishing expedition" based on mere conjecture. *Augustine v Allstate Ins Co*, 292 Mich App 408, 419-420; 807 NW2d 77 (2011). In this case, despite appellant's arguments to the contrary, we do not find defendants' subpoenas to be such an impermissible fishing expedition. Again, MCL 421.11(b)(1)(*i*) states that information that "might affect a claim for worker's disability compensation . . . must be available" to interested parties such as defendants, and information concerning plaintiffs' work history, even before the injuries associated with the worker's compensation claims, could affect a worker's compensation claim by providing evidence of plaintiffs' qualifications and capacity. See MCL 418.301(9)(a) ("If an employee receives a bona fide offer of reasonable employment . . . and the employee refuses that employment without good and reasonable cause, the employee . . . is not entitled to any wage loss benefits"); MCL 418.301(11) (" 'Reasonable employment' . . . means work that is within the employee's capacity to perform").

Further, as the WDCAC noted, *Kollinger*, 2023 Mich ACO 8, 8, appellant does not specifically explain why the burden or expense associated with producing the requested documents is too onerous. Appellant only argues that a request that extends before the date of injury could be more difficult to produce, but never explains why answering requests for specific documents would be less burdensome than providing the full files regarding plaintiffs and leaving it to employer defendants to search the file for useful information. In light of this lack of support for appellant's argument, the WDCAC's determination that the subpoenas were not overbroad or overly burdensome fell within the range of reasonable and principled outcomes. See *Pirgu*, 499 Mich at 274.

Appellant also argues that the WDCAC erred by not including in its orders a requirement that defendants pay the costs of production and keep the disclosed documents confidential. Appellant cites federal regulations prohibiting federal grant funds from being used to pay the costs for disclosing unemployment compensation information, 20 CFR 603.8(a) (2006); see also MCL 421.11(b)(1)(*vi*), and requiring recipients of information to pay these costs, 20 CFR 603.8(c). Additionally, federal regulations specify that an unemployment compensation agency must require the recipient of disclosed information to uphold certain confidentiality requirements. 20 CFR 603.9(b)(1) (2006).

We disagree that the WDCAC was required to explicitly order that defendants abide by federal confidentiality standards in its orders directing appellant to comply with defendants' subpoenas. The MESA already requires that recipients of information maintain confidentiality as required by 20 CFR 603.9(b)(1). MCL 421.11(b)(6) states as follows: "A recipient of confidential information under this act shall use the disclosed information only for purposes authorized by law . . . . The recipient shall not redisclose the information to any other individual or entity without the written permission of the unemployment agency." Appellant has presented no support for its argument that the WDCAC was obliged to include in its orders a statement that defendants abide by the relevant laws governing their use of the information disclosed.

We also disagree that the WDCAC was required to explicitly order that defendants pay the costs associated with production of the requested documents. Michigan's court rules provide procedures by which a subpoenaed nonparty may be compensated for reasonable costs relating to the production of documents. For example, MCR 2.305(A)(2) states that "[a]ny request for documents shall indicate that the subpoenaing party will pay reasonable copying costs." Subpoenaed nonparties may move the trial court for "prepayment by the party on whose behalf the subpoena is issued of the reasonable cost of producing documents . . . ." MCR 2.305(A)(4)(c). MCR 2.310(C)(6) provides that "[u]nless otherwise ordered by the court for good cause, . . . the party requesting the items shall bear any copying costs." And MCR 2.302(C) provides for the filing of a motion for protective order "to protect a party or person from . . . undue burden or expense," and for the entry of an order "that the discovery may be had only on specified terms and conditions." These rules function not only as a method of insuring that a party subject to a subpoena is not also subjected to undue expense, but also as a method of incentivizing the requesting party to fine-tune the scope of its requests for production to only relevant information. The court rules thus effectively encourage the parties to self-regulate the scope and associated costs of discovery, and to ensure that discovery is "proportional to the needs of the case." MCR 2.302(B)(1).

In this case, the record shows that appellant did not avail itself of any of the available procedures under the court rules or pursue the issue of costs before the magistrates. Nor does appellant provide any authority for the proposition that an order affirming the denial of a motion to quash must require the requesting party to pay the costs of production. Because appellant has presented no authority supporting the contention that the WDCAC was required to include explicit

-15-

statements about confidentiality and a payment requirement in its orders, it was not an abuse of discretion for the WDCAC to refrain from doing so. *Pirgu*, 499 Mich at 274.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher P. Yates
/s/ Adrienne N. Young